**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WASHOE-MILL APARTMENTS,<br><br>Plaintiff-counter-defendant - Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant-counter-claimant - Appellee,<br><br>SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development,<br><br>Counter-defendant - Appellee. | No. 14-15794<br><br>D.C. No. 3:12-CV-00418-MMD-WGC<br><br><br>MEMORANDUM[*] |
| WASHOE-MILL APARTMENTS,<br><br>Plaintiff-counter-defendant - Appellant,<br><br>v. | No. 14-15795<br><br>D.C. No. 3:12-CV-00418-MMD-WGC |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S. BANK NATIONAL
ASSOCIATION,

             Defendant-counter-claimant -
Appellee,

SHAUN DONOVAN, in his official
capacity as Secretary of Housing and
Urban Development,

             Counter-defendant -
Appellee.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 11, 2016[**]
San Francisco, California

Before: D.W. NELSON, NOONAN, and O'SCANNLAIN, Circuit Judges.

Washoe-Mill Apartments (WMA) appeals the district court's denial of its motion for reconsideration after the district court granted summary judgment for the U.S. Department of Housing and Urban Development (HUD) in an action in which WMA alleged that U.S. Bank was improperly holding funds that belonged to WMA. WMA also appeals the district court's dismissal of its conversion claim against U.S. Bank. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Although there are pending motions before the district court, we have appellate jurisdiction to hear this case. The pending motions all concern U.S. Bank's unresolved motion for attorney's fees. It is a "bright-line rule . . . that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 202–03 (1988).

2. The district court properly granted summary judgment for HUD. In a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "The amount of evidence necessary to raise a genuine issue of material fact is enough to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (internal quotation marks and citation omitted).

The plain terms of the agreement between the parties state that "[u]pon final payment of all principal of, premium, if any, and interest on the Bonds, and upon satisfaction of all claims against the Issuer and the Trustee hereunder . . . any

3

moneys remaining in all Funds shall be paid at the written direction of the Issuer to HUD." The district court found that "[t]he parties agree that all bonds have been redeemed, that the mortgages have been satisfied, and that the trustee has been compensated."

WMA has not demonstrated that there exist genuine issues of material fact as to whether there was "satisfaction of all claims" such that under the terms of the agreement, the funds are not excess funds that should be remitted to HUD and, instead, belong to WMA. WMA has not pointed to any evidence that it was not paid in full, that there was an accounting error in favor of WMA, or that there was any other reason why the remaining funds in dispute belong to WMA. WMA, therefore, is unable to "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted).

Because the court properly granted summary judgment, it did not abuse its discretion when it denied WMA's motion to reconsider its ruling on summary judgment. *F.T.C. v. Garvey*, 383 F.3d 891, 896 (9th Cir. 2004).

3. The district court also properly found that WMA's complaint against U.S. Bank is unable to succeed. As a threshold matter, WMA argues that because U.S. Bank filed its motion to dismiss after filing its answer, U.S. Bank's motion to dismiss is untimely. WMA never raised this objection before the district court, and

4

has not presented any argument as to why this Court should not follow the general rule that issues not raised before the district court are waived. *See Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996). Even if not waived, this Court allows an untimely motion to dismiss to be treated as a motion for judgment on the pleadings. *See, e.g.*, *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

The district court properly found that WMA's complaint fails. WMA's complaint alleges a single count of conversion under Nevada law against U.S. Bank. "Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006). Because the district court properly granted summary judgment in favor of HUD, WMA has no property interest in the funds and cannot assert a claim for conversion of the funds.

4.     WMA's request that it should be granted leave to amend its complaint is denied. A district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012) (internal quotation marks and citation omitted). WMA's complaint cannot be saved by alleging new facts as the district

5

court properly found that HUD is the rightful owner of the funds and, therefore, no conversion claim against U.S. Bank can succeed.

**AFFIRMED.**